IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ERIC MILLER

      v.                                        C.A. NO. 14-3192

NESTLE PURINA PETCARE
COMPANY

MEMORANDUM OPINION

SCHMEHL, J. (JLS)                               SEPTEMBER  30, 2014

Plaintiff brought this action under § 510 of ERISA, 29 U.S.C. § 1140, seeking to collect benefits to which he allegedly would have been entitled under defendant's pension plan had he not been terminated by defendant. Presently before the Court is the motion of the defendant to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

In construing a motion to dismiss for failure to state a claim, the Court must "accept all factual allegations as true, and construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UMPC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To survive a motion to dismiss, a complaint must contain certain factual allegations, taken as true, "to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

According to the Complaint, plaintiff was employed as an electrical supervisor at defendant's facility in Allentown, Pennsylvania from October 1990 until he was involuntarily

discharged on June 24, 2011. At the time he was discharged, plaintiff was seventeen (17) months short of attaining age 55, an event which would have entitled him to pension benefits under defendant's Pension Plan in the amount of $214,157.00. Because he was discharged before he reached age 55, plaintiff lost and defendant saved approximately $101,269.00 to $148,383.00, depending upon plaintiff's chosen last day of work absent the discharge.

Defendant argues that the case is time-barred by the two-year statute for wrongful discharge in Pennsylvania. Since plaintiff was discharged on June 24, 2011 and he did not file this suit until June 4, 2014, defendant claims the suit was filed beyond the two-year statute. The Court agrees.

The parties agree that § 510 of ERISA does not contain an express statute of limitations. Our Court of Appeals has stated that the statute of limitations for claims under § 510 of ERISA "is determined by reference to the state statute of limitations governing cases most analogous to the cause of action asserted by the plaintiffs." Gavalik v. Continental Can Company, 812 F.2d 834, 843 (3d Cir. 1987), cert. denied, 484 U.S. 979 (1987) . In  Anderson v. Consol. Rail Corp., 297 F.3d 242, 251 (3d Cir. 2002), the Third Circuit applied a two-year statute to a § 510 claim on the ground that the claim was "most analogous to a wrongful discharge" under Pennsylvania law. See also, Lempa v. Rohm and Haas Co., 2007 U.S. Dist. LEXIS 20015, at *11-12 (E.D. Pa. March. 20, 2007); Grosso v. Fed. Express Corp., 467 F.Supp. 2d 449, 457 n.5 (E.D. Pa. 2006). In Pennsylvania, actions for wrongful discharge are governed by a two-year statute of limitations. 42 Pa. Cons. Stat. Ann.§ 5524(7). In Anderson, as in this case, the plaintiff alleged that he was singled out for adverse treatment in order to prevent him from receiving retirement-related benefits. Therefore, this Court also finds that plaintiff's claim is most akin to one for wrongful discharge and is subject to a two-year statute of limitations. Since plaintiff did not commence

this action until nearly three years after the date he was discharged, the action is time-barred.[1]

---

[1]None of the cases plaintiff relies on in his opposition brief involve Section 510 of ERISA and, as such, are not persuasive authority on the issue before the Court.